UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81621-CV-MIDDLEBROOKS

JAMES MURPHY,

    Plaintiff,

v.

BANK OF AMERICA, N.A. et al.,

    Defendants.

_____/

## ORDER DISMISSING COMPLAINT

THIS CAUSE is before the Court *sua sponte*. Plaintiff filed a complaint on September 9, 2021 (DE 1). The complaint does not comport with the minimum pleading standards under the Federal Rules of Civil Procedure and does not plead sufficient facts for this Court to assess the basis for subject matter jurisdiction. For the reasons set forth below, the complaint is dismissed.

### BACKGROUND

I note at the outset that the facts are rambling, excessively long and at times incoherent, making it difficult for the Court to discern the complained of conduct. Plaintiff brings this 16-count complaint against the Defendants for conduct apparently related to real property owned by him and/or his mother. Plaintiff names eleven Defendants: Bank of America N.A., Federal Home Loan Mortgage Corporation, Caliber Home Loans, Nationstar Mortgage LLC, US Bank Trust, N.A., Nationwide Title Clearing, Marguerita Witzigman, Ralph Flores, Ryan Lamb, James E. Albertelli, t/a Albertelli Law, and Faye Servicing. The 16 counts range from quiet title and disgorgement to conspiracy and fraud. Plaintiff appears to seek damages and/or a broad array of injunctive relief under each count.

## DISCUSSION

"When a plaintiff files suit in federal court, []he must allege facts that, if true, show federal subject matter jurisdiction over her case exists." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (internal citation omitted).  When federal jurisdiction is based upon diversity, the amount in controversy must exceed $75,000, and "no plaintiff [may be] a citizen of the same state as any defendant." *Id.* (internal citation omitted); *see* 28 U.S.C. § 1332.  When federal jurisdiction is based upon a federal question, the "cause of action [must] aris[e] from the Constitution, laws, or treaties of the United States." *McQueary v. Child Support Enf't*, 812 Fed. Appx. 911, 913 (11th Cir. 2020) (citing 28 U.S.C. § 1331).

Here, Plaintiff states that "[t]his Court has subject matter jurisdiction over this action as the Plaintiff resides in Palm Beach County and the real property [that is] the subject of this action is also located in Palm Beach County, State of Florida," and all defendants "have and/or are doing business regularly within the geographical areas constituting the jurisdiction of this court." (DE 1 at ¶ 14, 16). In this sense, Plaintiff's allegations are confusing in that he alludes to his own citizenship, which suggests he is attempting to establish diversity jurisdiction, however he suggests that the defendants conduct business in Florida, a fact which legally has no bearing on their citizenship for diversity purposes, but which may tend to defeat diversity to the extent those business activities suggests that the defendants are Florida citizens. Regardless, the citizenship of most if not all defendants is not clearly set forth such that the Court can determine whether complete diversity exists. (*See, e.g.*, DE 1 at ¶ 5 ("Defendant, Caliber Homes Loans, Inc., is a corporation purportedly servicing mortgage loans throughout the United States of America.")). The amount in controversy is similarly unclear.

2

Plaintiff also asserts that his complaint, consisting of 16 counts which appear to arise under state law, presents a federal question. (*See* DE 1 at ¶ 22–23). Sporadically throughout the complaint, Plaintiff vaguely references or merely lists federal laws. (*See, e.g.*, DE 1 at ¶ 22; DE 1 at pp. 48, 63). These allegations, however, do not explain what specific federal law or laws his causes of action arise under, or how the facts alleged relate to any specific federal law.

Aside from the above-described jurisdictional failings, the complaint is also deficient in that it fails to comport with the requirements of the Federal Rules of Civil Procedure. Rule 8(a) requires a "short and plain statement of the claim." Under Rule 8(d)(1), "[e]ach allegation must be simple, concise, and direct." Further, Rule 10(b) requires that each claim be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's complaint does not meet these minimum pleading standards. Plaintiff's 79-page, 16-count complaint contains at least 230 numbered paragraphs (the Court notes its inability to even discern the number of paragraphs, given Plaintiff's lack of compliance with Rule 10(b)). (*See* DE 1). The complaint is excessive in length and replete with paragraphs spanning a whole page or half a page. Plaintiff also inexplicably stops numbering paragraphs following paragraph 135, then restarts the numbered paragraphs from one, and restarts the numbering several additional times. (DE 1 at 38–40, 50).

Moreover, Plaintiff's complaint is an impermissible shotgun pleading. Shotgun pleadings waste judicial resources and are an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). The Eleventh Circuit has generally identified four categories of shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The most common" shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and

the last count to be a combination of the entire complaint." *Id.* at 1321. "The next most common type . . . is a complaint that [is] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that . . . [does] not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–1323. Lastly, "there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Id.* at 1323.

Plaintiff's complaint is a shotgun pleading because each count incorporates all 128 numbered paragraphs by reference, is excessive in length, and contains a significant amount of apparently irrelevant information. *Great Fla. Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3. 2011) ("A shotgun-style complaint is [sic] one that incorporates all of the general factual allegations by reference into each subsequent claim for relief.") (quotation omitted); *see also, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n. 9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996) (finding complaint was "perfect example of 'shotgun' pleading in that it [was] virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief.") (citation omitted). Thus, it is impossible to discern which of the hundreds of paragraphs refer to which cause of action, and which allegations pertain to which of the 11 defendants.

For the foregoing reasons, Plaintiff's Complaint shall be dismissed without prejudice. *See Carvel v. Godley*, 404 Fed.Appx. 359, 360 & n.2 (11th Cir. 2010) (affirming dismissal of 38 page

complaint with more than 300 numbered paragraphs for failure to comply with plain statement requirement of Rule 8); *B.L.E. v. Georgia*, 335 Fed.Appx. 962, 963 (11th Cir. 2009) (affirming dismissal of "rambling, prolix pleading"); *Lampkin-Asam v. Volusia Cty. Sch. Bd*., 261 F. App'x 274, 275 (11th Cir. 2008) (affirming *sua sponte* dismissal of confusing, incoherent complaint). This Order serves as Plaintiff's **sole warning** as to pleading violations and any further pleading deficiencies may result in dismissal with prejudice. *See Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1296 (11th Cir. 2018) (holding that a district court must give a litigant only one chance to re-plead before dismissal with prejudice on non-merits shotgun pleading grounds).

## CONCLUSION

I note that the deficiencies identified in this Order are not all the deficiencies observed in this Complaint. I further note that this is a counseled case, and therefore the Court need afford no leniency in evaluating pleading deficiencies in any forthcoming Amended Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE.** Plaintiff shall *one opportunity* to file a coherent and rule-compliant complaint which cures all the deficiencies identified in this Order.  If Plaintiff still wishes to pursue this action, he may file an Amended Complaint by **September 27, 2021.** Alternatively, Plaintiff may file a Notice of Voluntary Dismissal by that date.

2. Plaintiff shall ensure that any Amended Complaint fully sets forth the basis for federal jurisdiction and pleads necessary jurisdiction facts, contains a short and plain statement of the claim, is not excessive in length, and otherwise fully complies with the requirements of Federal Rules of Civil Procedure 8 and 10. Moreover, Plaintiff should devote serious consideration to whether all 79 pages and 230 (or more) paragraphs are

necessary to state his purported claim(s) and if not, to remove those that are unnecessary.

3. Plaintiff's failure to timely file an Amended Complaint which sufficiently pleads jurisdictional facts, complies with the Federal Rules of Civil Procedure, and otherwise comports with applicable law will result in dismissal of this action without further notice.

**SIGNED** in West Palm Beach, Florida, this 15th day of September, 2021.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record